**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Timothy Hargraves,

Plaintiff,

v.

Nelnet Servicing LLC NMLS ID# 150861, et al.,

Defendants.

No. CV-25-08122-PCT-ESW

**ORDER**

The Court has reviewed Defendant Nelnet Servicing, LLC's ("Nelnet") Motion to Dismiss (Doc. 32), Plaintiff's Response (Doc. 34), and Defendant's Reply (Doc. 37). For the reasons set forth below, the Motion (Doc. 32) will be granted.

## I. BACKGROUND

Plaintiff's Amended Complaint alleges that in May 2007, he entered into a ten-year student loan repayment plan at an interest rate of 2.2%. (Doc. 29-1 at ¶5.) Plaintiff alleges that on October 12, 2008, "XLS or AES" forged a document to change the loan's interest rate to 7.15%. (*Id.* at ¶6.)

The Amended Complaint states that between 2019 and 2024, Plaintiff filed numerous complaints with the Consumer Financial Protection Bureau ("CFPB"), the Department of Education Ombudsman, and the Federal Trade Commission that alleged forgery and fraud by his loan servicer. (*Id.* at ¶¶ 9-15.)

Plaintiff alleges that on February 19, 2024, Defendant Nelnet submitted a

promissory note to the CFPB that "had more pages than the note submitted" by the loan's prior service provider, "PHEAA." (*Id.* at ¶ 7.) Plaintiff further alleges that Defendant Nelnet removed the "electronic signature security stamp, rendering it unenforceable under the Electronic Signatures in Global and National Commerce Act." (*Id.* at ¶ 8.)

Plaintiff's First Amended Complaint asserts the following three counts: (i) Count I: "Fraud and Misrepresentation"; (ii) Count II: "Failure to Exhaust Administrative Remedies"; and (iii) Count III: "Breach of Contract Accompanied by Fraudulent Act." (*Id.* ¶¶ 16-29.) Plaintiff seeks monetary damages, a declaratory judgment that Defendant Nelnet committed fraud, equitable relief as appropriate, costs, and a declaration that his promissory note is unenforceable.

## II. LEGAL STANDARDS

Defendant Nelnet's Motion to Dismiss (Doc. 32) is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (i) lack of a cognizable legal theory or (ii) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). If it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *See Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995); *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039

(9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## III. DISCUSSION

### A. Count I ("Fraud and Misrepresentation")

The Court concurs with Defendant that Plaintiff's fraud claim is barred by Arizona's three-year statute of limitations. Ariz. Rev. Stat. § 12-543(3). The statute begins to run when the plaintiff discovers or should have discovered the fraud. *Id.* Here, Plaintiff alleges that the loan document was forged on October 12, 2008. (Doc. 29-1 at ¶ 6.) Plaintiff admits that he had knowledge of the alleged fraud by May 19, 2019 when he filed his first complaint with the CFPB. (*Id.* at ¶11.) Therefore, Defendant correctly argues that any fraud claim expired in May 2022, approximately three years before this action was filed in April 2025. (Doc. 32 at 15-16; Doc. 1-1 at 2.) Count I is dismissed.

### B. Count II ("Failure to Exhaust Administrative Remedies")

Count II of the Amended Complaint states that Plaintiff "did fully complete or pursue all available administrative remedies as prescribed by law or regulation." (Doc. 29-1 at ¶ 24.) Exhaustion of administrative remedies is an affirmative defense, not an independent cause of action. *See, e.g.*, *Wright v. Universal Maritime Service Corp.,* 525 U.S. 70, 75 (1998) (referring to "failure to exhaust" as an "affirmative defens[e]"). Count II is dismissed for failure to state a claim.

### C. Count III ("Breach of Contract Accompanied by Fraudulent Act")

Count III of the Amended Complaint asserts a breach of contract claim. (Doc. 29-1 at ¶¶ 26-29.) However, the promissory note at issue is between Plaintiff and the United States Department of Education. (Doc. 29-1 at 18, 20.) Defendant Nelnet merely services the loan on behalf of the Department of Education. (*Id.*) "For a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship." *Haller v. Advanced Indus. Computer Inc.*, 13 F. Supp. 3d 1027, 1030 (D. Ariz. 2014). The Court finds that because there is no contract between Plaintiff and Defendant Nelnet, Count III fails to state a claim.

Further, Count III is barred by Arizona's six-year statute of limitations for breach of contract. Ariz. Rev. Stat. § 12-548. The alleged breach occurred in 2008 or, at the latest, 2019 when Plaintiff discovered it. This action was filed in 2025, well beyond the limitations period. Count III is dismissed.

**D. Request to Declare Promissory Note Unenforceable**

To the extent that Plaintiff seeks a declaration that his promissory note is unenforceable (Doc. 29-1 at 5), Defendant correctly argues that the Court lacks authority to provide such relief. (Doc. 37 at 3.) The loan is owned by non-party the Department of Education, not Defendant. Under the Higher Education Act, only the Secretary of Education has authority to discharge federal student loans, including on grounds of false certification or fraud. 20 U.S.C. § 1087(c)(1); 34 C.F.R. § 682.402(e)(3); *United States v. Wright*, 87 F. Supp. 2d 464, 466 (D. Md. 2000) ("Only the Secretary, not this Court, has discretion to discharge the loan.").

## IV. CONCLUSION

For the above reasons, the Court finds that the Amended Complaint (Doc. 29-1) fails to state a claim. The Court does not find that the deficiencies can be cured by further amendment. Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 32).

**IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss this action with prejudice.

**IT IS FURTHER ORDERED** denying Defendant's request for attorneys' fees without prejudice to Defendant moving for those fees in accordance with Local Rule of Civil Procedure 54.2.

Dated this 9th day of October, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge